DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Roy Haught, appeals from a judgment of the Summit County Court of Common Pleas, which dismissed his claim. We affirm.
 I. {¶ 2} This is one of several identical appeals arising in this Court.[1] Every case entailed the limited issue of whether or not the asbestosis claimant has a right to participate in the Ohio Workers' Compensation Fund. Due to the large number of substantially identical claims, the trial court judge had instituted an innovative trial-by-videotape procedure to expedite these cases. Mr. Haught objected to this procedure and refused to file the videotape as instructed. The trial court dismissed the case under Civ.R. 41(B)(1), upon finding that without the videotapes the case was "in default for want of any probative evidence." Mr. Haught appealed to this Court, asserting two assignments of error for review.
 II. First Assignment of Error
"The trial court erred in its may 10, 2004 `final judgment,' dismissing this case for non-compliance with the trial court's trial-by-videotape orders."
 Second Assignment of Error
"The trial court erred in entering the trial-by-videotape orders, precluding appellant from presenting live testimony at his trial."
 {¶ 3} Mr. Haught asserts that the trial court abused its discretion in dismissing his claim when he refused to comply with the court's order, or alternatively, that Civ.R. 40 and Sup.R. 13(B) are unconstitutional under the United States and Ohio Constitutions. We disagree.
 {¶ 4} This Court previously considered and addressed these claims of error and concluded that they are without merit. Arrington v.DaimlerChrysler Co., 9th Dist. Nos. 22108 et al., 2004-Ohio-7180. Based on our review of the present appeal, we conclude that Mr. Haught has restated the argument that was presented in Arrington. Accordingly, Mr. Haught's assignments of error are without merit.
 III. {¶ 5} Mr. Haught's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur.
[1] By motion of the parties, this Court consolidated nine individual appeals under one case number: 22108, 22270, 22271, 22272, 22273, 22274, 22284, 22285, and 22311. Under that order, the cases were consolidated for the purpose of the record, briefs and presentation of oral argument. The present appeal, No. 22286, consists of substantively identical briefs and case record, but was not consolidated for purpose of argument or journalization of the resulting decision.